UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMAIL ORHAN DOGAN,<br><br>　　　　　　　　Petitioner,<br><br>　v.<br><br>CHRISTOPHER J. LAROSE, et al.,<br><br>　　　　　　　　Respondents. | Case No.: 25-cv-03525-DMS-BJW<br><br>**ORDER GRANTING PETITION** |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition"). (Pet., ECF No. 1). Respondents filed a Return and Petitioner filed a Traverse. (Return, ECF No. 5; Traverse, ECF No. 6). After reviewing the briefs, the Court finds this matter is suitable for decision without oral argument. S.D. Cal. Civ. R. 7.1(d)(1); *Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (holding that an evidentiary hearing is not necessary when deciding only questions of law). For the following reasons, the Court grants the Petition.

## I. BACKGROUND

Petitioner, a native and citizen of Turkey, fled the country after facing political persecution. (Pet. ¶¶ 15–16). On January 6, 2025, Petitioner entered without inspection at or near the U.S.-Mexico border near San Ysidro. (*Id.* ¶ 17). Petitioner flagged down U.S.

immigration officials, expressed a fear of returning to Turkey, and was then detained. (*Id.*). On March 24, 2025, an asylum officer interviewed Petitioner and determined he did not have a credible fear of persecution. (*Id.* ¶ 18). On April 8, 2025, an Immigration Judge ("IJ") reviewed the asylum officer's finding and ordered Petitioner's expedited removal. (*Id.* ¶ 19; Order, ECF No. 5-2). On April 15, 2025, Petitioner submitted a request for reconsideration to the U.S. Citizenship and Immigration Services' asylum office. (Pet. ¶ 20). On May 29, 2025, the Government issued Petitioner a notice to appear before an IJ. (*Id.* ¶ 21; Notice, ECF No. 5-3). On June 9, 2025, Petitioner had his first master calendar hearing and the IJ adjourned proceedings until June 24, 2025, so Petitioner could enter pleadings and file his relief application. (Pet. ¶ 22). On June 16 and 23, 2025, Petitioner filed his written pleadings and asylum application. (*Id.* ¶ 23). On June 24, 2025, the IJ adjourned the proceedings to July and ordered Petitioner to file his declaration and supporting evidence, which he did on July 14, 2025. (*Id.* ¶ 24). On July 17, 2025, the IJ adjourned the hearing to August so both parties could file additional evidence, which Petitioner did. (*Id.* ¶ 25). On August 27, 2025, the IJ set the matter for an individual merits hearing on December 16, 2025. (*Id.* ¶ 26). In November 2025, the previous IJ was terminated from her position and the matter was reset for a master calendar hearing on December 2, 2025. (*Id.* ¶ 27). At that master calendar hearing, the newly assigned IJ reset the individual merits hearing for February 2, 2026. (*Id.* ¶ 28). Petitioner is currently in detention at the Otay Mesa Detention Center, which he alleges has inadequate medical treatment for the dental and other issues he has been experiencing. (*Id.* ¶¶ 30–31).

Petitioner argues that he is unlawfully detained in violation of his constitutional rights under the Fifth Amendment Due Process Clause. (*Id.* ¶¶ 40–51). Respondents maintain that Petitioner is lawfully detained under 8 U.S.C. § 1225. (Return 10–12). Petitioner requests (1) a writ of habeas corpus ordering the immediate release of Petitioner or alternatively, a bond hearing where the Government bears the burden of justifying Petitioner's continued detention; (2) a declaration that Petitioner's detention violates the

Due Process Clause of the Fifth Amendment; and (3) any other relief that may be fit and proper. (Pet. 15).

## II.     DISCUSSION

The facts, claims, and arguments presented in this case are similar to those in *Sadeqi v. LaRose*. --- F. Supp. 3d ---, 2025 WL 3154520 (S.D. Cal. Nov. 12, 2025) (finding petitioner's detention of almost twelve months unreasonable and violative of due process, thus requiring a prompt and individualized bond hearing to justify continued detention). The Court finds the reasoning of that case persuasive and adopts and applies it wholesale to this case. Here, like in *Sadeqi*, Petitioner has been detained for almost twelve months. (Pet. ¶ 17); *Sadeqi*, 2025 WL 3154520, at *1. Although Petitioner's asylum application was filed later than the *Sadeqi* petitioner, it appears this was due to a delay in scheduling an asylum interview and then by a negative determination by the asylum officer, neither of which appear to be Petitioner's fault.[1] (*See* Pet. ¶ 23); *Sadeqi*, 2025 WL 3154520, at *1. Like in *Sadeqi*, Petitioner's individual merits hearing has been postponed and he has been assigned to a different IJ after his first one was terminated. (*See* Pet. ¶¶ 26–28); *Sadeqi*, 2025 WL 3154520, at *1. Finally, like in *Sadeqi*, Petitioner alleges that he is not removable in the reasonably foreseeable future and thus his continued detention without any consideration of bond is unconstitutional. (Pet. ¶¶ 32–33); *Sadeqi*, 2025 WL 3154520, at *1. Thus, for the reasons laid out in *Sadeqi*, Petitioner is entitled to a prompt and

---

[1] The Department of Homeland Security's records state that while in the custody of Customs and Border Protection ("CBP"), Petitioner "did not manifest a fear of return, express an intention to apply for asylum or related protection, express a fear of persecution or torture, or express a fear of return to their country or the country of removal." (Record, ECF No. 5-1). However, a noncitizen is only referred for an asylum interview if they "indicate[] either an intention to apply for asylum . . . or a fear of persecution." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018) (quoting 8 U.S.C. § 1225). Since Respondents do not contest Petitioner's statement that he expressed fear of persecution immediately upon flagging down CBP officers and since at some point Petitioner expressed enough fear to be scheduled for an asylum interview, the Court assumes that this delay was not the fault of Petitioner. (*See* Return 2; Pet. ¶ 17); *see also Maksim v. Warden, Golden State Annex*, No. 1:25-cv-00955-SKO (HC), 2025 WL 2879328 (E.D. Cal. Oct. 9, 2025) (ordering respondents to provide petitioner with a bond hearing because the eleven-month detention was prolonged even though "much of the detention period [was] attributed to Petitioner's requests").

individualized bond hearing, at which Respondents must justify his continued detention "by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released." *Sadeqi*, 2025 WL 3154520, at *4 (citations omitted); *see Amado v. U.S. Dep't of Just.*, No. 25cv2687-LL(DDL), 2025 WL 3079052 (S.D. Cal. Nov. 4, 2025); *Abdul Kadir v. LaRose*, No. 25cv1045-LL-MMP, 2025 WL 2932654 (S.D. Cal. Oct. 15, 2025); *Maksim v. Warden, Golden State Annex*, No. 1:25-cv-00955-SKO (HC), 2025 WL 2879328 (E.D. Cal. Oct. 9, 2025).

The only arguments Respondents raise here that were not addressed in *Sadeqi* are jurisdictional arguments under 8 U.S.C. §§ 1252(g), 1252(b)(9), and 1225(b)(1), but the Court has already addressed and rejected those arguments in previous orders. *See Medina-Ortiz v. Noem*, No. 25-cv-02819-DMS-MMP, ECF No. 7 at 3–4 (S.D. Cal. Oct. 30, 2025); *Garcia v. Noem*, --- F. Supp. 3d ---, 2025 WL 2549431, at *3–4 (S.D. Cal. Sept. 3, 2025). The Court again rejects Respondents' jurisdictional arguments.

### III.   CONCLUSION

Based on the reasoning of *Sadeqi* and the reasons above, the Petition is **GRANTED**. Respondents are directed to arrange an individualized bond hearing for Petitioner before an immigration court within **fourteen (14) days** of this Order as described above. All other relief sought in the Petition, including an order directing Petitioner's immediate release, is denied. Further, the Parties are **ORDERED** to file a Joint Status Report within **twenty-one (21) days** of this Order's entry, confirming Petitioner received a bond hearing.

**IT IS SO ORDERED.**

Dated:  December 22, 2025

Hon. Dana M. Sabraw
United States District Judge